UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC MACDONALD, an individual,

      Plaintiff,

vs.                                      CASE NO.:

DA FAMILY BUSINESS, LLC, a Florida
limited liability company and MORGAN
GLICKMAN, an individual,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, Eric MacDonald ("Plaintiff"), by and through undersigned counsel, sues Defendants, Da Family Business, LLC ("DFB") and Morgan Glickman ("Glickman") (collectively, "Defendants"), and alleges as follows:

### INTRODUCTION

      1.     This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

      3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Sarasota County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division.

## PARTIES

4.      Plaintiff was and is a resident and citizen of Sarasota County, Florida.  At all times pertinent, Plaintiff worked for Defendants in Sarasota County, Florida.

5.      Defendant DFB was and is a Florida limited liability company conducting business in Sarasota County, Florida and within the jurisdiction of the Middle District of Florida, Tampa Division, and subject to the requirements of the FLSA.

6.      Defendant Glickman was and is an individual who operated Defendant DFB, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of DFB and over Plaintiff, Defendant Glickman is an employer as defined by 29 U.S.C. § 201 et seq.

7.      At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8.      At all times material, Defendant DFB was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

9.      At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

10.     Defendant DFB was and is a Florida limited liability company with a principal place of business and conducting business in Sarasota County, Florida, and subject to the

requirements of the FLSA.  Defendants' operated pizza restaurants, with three locations in within Sarasota County, Florida, under the name "Italiano's."  Information about Defendants' operation is publicly available on Defendants' website at: https://www.italianosvenice.com/, which is incorporated herein and which is adv.

11.     Defendant DFB is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

12.     At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13.     Plaintiff worked for Defendants as a pizza cook at Defendants' "Italiano South" location in Venice, Florida. In this capacity, Plaintiff handled such goods as food items and products (i.e., dough, tomato sauce, numerous different pizza toppings) as shown on the menu, napkins, silverware, appliances, and restaurant equipment, which had travelled in interstate commerce, on a daily basis.

14.     At all times material, Plaintiff was individually covered by the FLSA.

## **GENERAL ALLEGATIONS**

15.      Defendants employed Plaintiff in Sarasota County, Florida, as a pizza cook, for approximately nine (9) months, through on or about, September 13, 2019. During this

time, Plaintiff's primary job duties included, without limitation, preparing pizzas for Defendants' customers.

16.     Defendants compensated Plaintiff on an hourly basis of $12.50 per hour.

17.     Plaintiff regularly worked approximately fifty-five to sixty (55-60) hours per week (or more) while employed by Defendants.

18.     Defendants had a policy and practice of compensating Plaintiff $500.00 per week ($12.50 per hour for forty (40) hours) and then providing Plaintiff cash for any overtime hours worked per week at a rate of $12.50 per hour. As such, Defendants cheated employees, including but not limited to, Plaintiff, out of their overtime (time and one-half) compensation, forced employees to work off the clock, and improperly calculated Plaintiff's compensation each week in violation of the FLSA.

19.     Defendants wrongfully compensated Plaintiff at a straight time rate for hours worked over forty (40) hours in a workweek.

20.     Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

21.     Defendants willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

22.     Defendants failed to keep proper time records for Plaintiff.

23.     To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendants.

24.    Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

25.    All conditions precedent to this action have been satisfied.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

26.    Plaintiff re-alleges paragraphs 1 through 25 as if set forth fully herein.

27.    Plaintiff worked more than forty (40) hours in a week for one or more weeks during his employment with Defendants. Specifically, Plaintiff regularly worked at least fifty-five to sixty (55-60) hours per week throughout his employment with Defendants.

28.    Defendants failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek for one or more weeks during his employment with Defendants. Specifically, Defendants compensated Plaintiff in cash at a straight time rate ($12.50 per hour) for any hours worked over forty (40) in a workweek.

29.    Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

30.    Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

a.    accept jurisdiction over this action;

b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

c.      award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

d.      award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e.      entry of final judgment against Defendant; and

f.      award all other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

*s/ Bradley P. Rothman*
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*